## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BOARD OF TRUSTEES OF THE SPRINKLER    \*
INDUSTRY SUPPLEMENTAL PENSION FUND    \*
8000 CORPORATE DRIVE    \*
LANDOVER, MARYLAND 20785,    \*
   \*
      Plaintiff,    \*
   \*
    v.    \*
   \*
STEVEN R. MAJESKE    \*
133 N. MOORE ROAD    \*
PORT WASHINGTON, WISCONSIN 53074.    \*
   \*
      Defendant.    \*

## C O M P L A I N T

Plaintiff, the Board of Trustees of the Sprinkler Industry Supplemental Pension Fund, pursuant to Fed. R. Civ. P. 8(a), hereby brings the following allegations against the Defendant:

### PARTIES

1.  The Sprinkler Industry Supplemental Pension Fund is a defined contribution multiemployer employee pension benefit plan as those terms are defined in Sections 3(2), (3), (34) and (37) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1002(2), (3), (34) and (37). The Pension Fund is established to provide retirement, death and other related benefits to participants and beneficiaries and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund has its principal place of business and is administered at 8000 Corporate Drive, Landover, Maryland 20785.

2.  The Plaintiff is the designated fiduciary as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.      Defendant, Steven R. Majeske is an individual residing in Wisconsin, and whose address is 133 N. Moore Road, in Port Washington.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under Sections 502(a)(3), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a)(3), (e) and (f), as well as 28 U.S.C. §§ 1331, and over state law causes of action pursuant to 28 U.S.C. §§ 1367 and 1332.

5.      This Court has personal jurisdiction over the Defendant pursuant to 29 U.S.C. § 1132(e)(2) and Md. Courts & Jud. Pro. Code Ann. §6-103.

6.      Venue is appropriate in this Court pursuant to Section 502(e) of ERISA, 29 U.S.C. § 1132(e) as well as 28 U.S.C. § 1391.

## STATEMENT OF FACTS

7.      The Pension Fund is funded primarily by payments from employers called contributions.   Contributions are held in trust by the Pension Fund on behalf of individual participants in individual accounts.

8.      Terms and conditions for the Pension Fund's payment of benefits to participants and beneficiaries are set forth in the Pension Fund's Plan and Summary Plan Description.

9.      The Defendant was a participant in the Pension Fund at all relevant times.

10.     Cindy Berres is the Defendant's former spouse.

11.     Pursuant to a Qualified Domestic Relations Order dated October 6, 2002, by the Milwaukee County Circuit Court, Family Division in case number 99-FA-928, Cindy Berres was designated as the Alternate Payee with the right to receive a portion of the benefits payable by the Pension Fund to the Defendant.

12.     The Qualified Domestic Relations Order awarded to Cindy Berres fifty percent of the Defendant's account with the Pension Fund as of December 3, 1999. As of December 3, 1999, fifty percent of the value of the Defendant's account with the Pension Fund was $37,761.92.

13.     The Pension Fund paid benefits to the Defendant in the amount of $37,786.42 on March 18, 2010, as an "Economic Downturn" distribution from his account. The Pension Fund paid benefits to the Defendant in the amount of $6,210.05 on July 26, 2011, as a "Hardship" distribution from his account.

14.     Toward the end of 2011 Cindy Berres requested that she be paid the amount awarded to her from the Defendant's Pension Fund account under the terms of the Qualified Domestic Relations Order. The Pension Fund paid benefits to alternate payee Cindy Berres in the amount of $65,109.58 on November 10, 2011, which was the present value of the fifty percent amount awarded to her as of December 3, 1999, by the Qualified Domestic Relations Order.

15.     The $65,109.58 was properly payable to Cindy Berres on November 10, 2011.

16.     Toward the end of 2011, the Defendant reached out to the Pension Fund to obtain an additional payment. On November 11, 2011, the Pension Fund paid benefits to the Defendant in the amount of $155,614.37 as an "Accumulated Share, Full Account Balance" distribution from his account.

17.     The $155,614.37 amount paid to the Defendant on November 11, 2011, was not the correct amount payable to the Defendant by the Pension Fund. The $155,614.37 amount paid was not reduced for the $65,109.58 payment made to Cindy Berres on November 10, 2011.

18.     The Pension Fund's Plan provides in Section 7.01(g) that any benefits payable to an Alternate Payee under a Qualified Domestic Relations Order "will reduce any benefits payable to a Participant, Spouse, or Beneficiary under this Plan."

19.     The $155,614.37 amount paid to the Defendant on November 11, 2011, was erroneous and mistaken.  Only $90,504.79 was properly payable to the Defendant.

20.     In making the overpayment to the Defendant, the Pension Fund relied on incorrect information identifying the actual amount available to distribute to the Defendant.

21.     In January 2012 the Pension Fund first discovered the erroneous payment to the Defendant.

22.     By letters dated February 14 and March 9, 2012, the Pension Fund demanded reimbursement from the Defendant.   The Defendant did not respond to these demands for reimbursement.

23.     The Pension Fund overpaid a total of $65,109.58 to the Defendant.

24.     The Defendant has failed to return the overpaid amount to the Pension Fund.

## COUNT ONE
*(equitable relief under ERISA Section 502(a))*

25.     The allegations in paragraphs 1 to 24 of this Complaint are incorporated into this Count as if fully set forth herein.

26.     This Count for equitable relief is brought pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

27.     The Pension Fund has a fiduciary duty to protect trust assets.  This includes a duty to recover assets that were paid out incorrectly to participants and beneficiaries.   Recovery of improperly paid assets of the Pension Fund furthers the purposes of the Pension Fund.

28.     Payment in the amount of $65,109.58 to the Defendant by the Pension Fund was not proper under the terms of the Pension Fund's Plan, the Summary Plan Description or the Qualified Domestic Relations Order.

29.    The Pension Fund seeks equitable relief to disgorge from the Defendant the $65,109.58 overpayment and restore that amount to the Pension Fund.

30.    $65,109.58 is a specifically identifiable portion of the November 11, 2011, payment made to the Defendant and is held by the Defendant in a fund distinct from his general assets.

31.    The $65,109.58 payment to the Defendant rightfully belongs in good conscience to the Pension Fund.

32.    The allegations in Paragraph 30 of the Complaint are likely to have evidentiary support after a reasonable opportunity for investigation or discovery.

## COUNT TWO
*(restitution under federal common law)*

33.    The allegations in paragraphs 1 to 32 of this Complaint are incorporated into this Count as if fully set forth herein.

34.    Payment in the amount of $65,109.58 to the Defendant by the Pension Fund was not proper and will unjustly enrich the Defendant if it is not returned to the Pension Fund.

35.    The Pension Fund seeks restitution and equity to disgorge from the Defendant the $65,109.58 overpayment.

36.    The Pension Fund did not delay in making a demand to the Defendant for the erroneous payment to be refunded or in brining this action.

37.    The $65,109.58 payment to the Defendant rightfully belongs in good conscience to the Pension Fund and equity demands that it be returned to the Pension Fund.

## COUNT THREE
*(unjust enrichment and restitution under state law)*

38.    The allegations of paragraphs 1 to 37 of this Complaint are incorporated in this Count as if fully set forth here.

39.     The Defendant received the benefit of an overpayment from the Pension Fund in the amount of $65,109.58.

40.     The Defendant was aware of the overpayment made to him by the Pension Fund.

41.     The circumstances under which the Defendant accepted and retains the overpayment from the Pension Fund are such that it would be inequitable and unfair for the Defendant to retain the overpayment amount without paying value therefore.

42.     The Defendant's failure to reimburse the Pension Fund for the overpayment amount is an exercise of wrongful dominion and control over the funds of the Pension Fund to the exclusion of and in defiance of the Pension Fund's rights.

43.     The Defendant's continued wrongful retention of the overpayment by the Pension Fund constitutes a wrongful assumption of the Pension Fund's assets and a wrongful taking, detention and interference in the Pension Fund's ownership rights to the funds.

44.     The overpayment belongs to the Pension Fund and should be returned to the Pension Fund.

45.     The Defendant at no time had a reasonable expectation to retain the benefit of the overpayment.

46.     Title and the right of possession of the overpayment rightfully belong to the Pension Fund and the overpayment amount should be disgorged from the Defendant.

47.     The Pension Fund has not intentionally relinquished title and the right of possession to the overpayment, and has been damaged by the Defendant's actions in the amount of the overpayment.

**WHEREFORE**, the Plaintiff prays judgment against the Defendant as follows:

A.    Judgment against the Defendant in the amount determined just and equitable to address the overpayment, by way of restitution, an equitable lien, constructive trust or other appropriate relief in connection with specifically identifiable funds;

B.    Judgment against the Defendant in the amount of $65,109.58;

C.    Interest on this amount to the date of judgment;

D.    Attorney's fees and costs;

E.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  December 10, 2013          By:    _____

R. Richard Hopp (Bar No. 07363)
**O'DONOGHUE & O'DONOGHUE, LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C.  20016
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
rhopp@odonoghuelaw.com

*Attorney for Plaintiff Board of Trustees of the*
*Sprinkler Industry Supplemental Pension Fund*

235608_1